IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEITH RICHARDSON,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CIVIL ACTION NO. 09-0451-KD-N
                                     )
FORT DEARBORN LIFE INS.CO., et al.,  )
                                     )
        Defendants.                  )

REPORT AND RECOMMENDATION

The parties have completed briefing plaintiff's  Motion to Remand (doc. 9; see docs 11, 19).  This matter has been referred to the undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C. §636 and Local Rule 72.2.  Upon careful review of the record in this case, particularly the motion and briefs, the undersigned RECOMMENDS that plaintiffs' Motion to Remand be GRANTED and this action be REMANDED to the Circuit Court of Conecuh County, Alabama.

Background

Petitioner alleges that he had purchased a life insurance policy from defendant Fort Dearborn Live Ins. Co. through an insurance agent, defendant Drew Bass.  The policy allegedly covered both plaintiff and the members of his family.  When his wife died, plaintiff made a claim through the agent.  Fort Dearborn declined to pay benefits, and plaintiff filed suit in the Circuit Court of Conecuh County, Alabama, alleging breach of contract (Count I); bad faith refusal to pay (Count II) and outrage (Count III) against defendants Fort Dearborn, Drew Bass and fictitious defendants.  Fort Dearborn removed the action to this court asserting federal

1

jurisdiction on the basis of diversity of citizenship.  Defendant contends that the individual non-diverse defendant, Drew Bass, has been fraudulently joined in this action.

The Complaint filed in state court does not contain a demand for a specific dollar amount. In addition, the Complaint does not state the face amount of the insurance policy. Defendant Fort Dearborn offers a copy of a demand letter it received from plaintiffs' counsel shortly before removal, stating an initial demand of $150,000.00 to settle the action; defendant offers this letter as evidence of the amount in controversy.  (Notice of Removal, Exhibit B)

The Answer (doc. 4) filed by Fort Dearborn indicates that, though plaintiff applied for coverage on his wife, coverage was not issued on her, and that defendant denied coverage when the claim was filed.  Further, in his Motion to Remand and Reply brief, plaintiff states that he purchased the policy through Bass, that he went to Bass with his claim and supporting documentation, and that Bass made some unspecified representations to him concerning his coverage and claim.

<u>Legal Standard</u>

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged, if the civil action arises under the federal court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).[1] In order for removal to be proper under 28 U.S.C. §1441[2], there must be complete diversity of citizenship between the plaintiffs and

---

[1]  28 U.S.C. § 1332 provides, in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 , exclusive of interest and costs, and is between...citizens of different states. 28 U.S.C. § 1332(a)(1).

[2]  28 U.S.C. §1441 provides, in pertinent part:
Any civil action of which the district courts have original jurisdiction founded on

defendants. See 28 U.S.C. 1441(b). Thus, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also under the rule of "complete diversity", no plaintiff may share the same state citizenship with any defendant. <u>Fitts v. Griffin</u>, 304 F.Supp. 2d 1337(M.D. Ala., 2004) (*citing* <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Additionally, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . [and] . . . all doubts about jurisdiction should be resolved in favor of remand to state court." <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir.1999); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994) ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"); <u>Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.</u>, 882 F. Supp. 1056, 1057 (S.D. Fla.1994) (The court "must remand to state court any case that was removed improvidently or without necessary jurisdiction"); *see also* <u>Jerido v. American General Life and Accident Insurance Company</u>, 127 F. Supp. 2d 1322, 1324 (M.D. Ala. 2001) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.")

"In evaluating a motion to remand, the removing party bears the burden of demonstrating

---

a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b).

federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1288 n. 4 (11th Cir.1998) *citing* Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir.1998); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir.1994). To do so, defendants must produce "facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence." Hobbs v. Blue Cross Blue Shield of Ala., 276 F. 3d 1236, 1242 (11th Cir. 2001) (citations omitted). Jurisdictional facts supporting removal are judged at the time of the removal. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir.2000) (*citing* Allen v. R & H Oil Co., 63 F.3d 1326, 1335 (5th Cir.1995)).

Fraudulent Joinder

       Because of the complete diversity requirement, a plaintiff may attempt to prevent removal by fraudulently joining a defendant who shares the same state citizenship as the plaintiff by filing a frivolous or otherwise illegitimate claim against a non-diverse defendant. Fitts, 304 F.Supp. 2d at 1337(*citing* Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir.1979) *and* Thomas v. Jim Walter Homes, Inc., 918 F. Supp. 1498 (M.D. Ala.1996)). When making a determination on whether complete diversity exists, courts may disregard the citizenship of fraudulently joined defendants. Id.

       In Henderson v. Washington National Insurance Co., 454 F.3d 1278 (11th Cir. 2006), the Eleventh Circuit recently set forth the following standard of review:

              An action in state court may be removed to federal court when the federal courts have diversity or federal question jurisdiction. See 28 U.S.C. § 1441(a). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. See Lincoln Prop. Co. v. Roche, [546 U.S. 81] (2005) (citing 28 U.S.C. § 1441(b)). Such a remand is

the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.

When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," see Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. The defendant must make such a showing by clear and convincing evidence. See Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir.1962).

Id. at 1281 (footnotes omitted).

The burden of proving fraudulent joinder by clear and convincing evidence is a heavy one which requires the court to evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. Crowe, 113 F.3d at 1538. Also, the court must make "these determinations based on the plaintiff's pleadings at the time of removal" but may "consider affidavits and deposition transcripts submitted by the parties." Id; Cabalceta v. Standard Fruit Co., 883 F. 2d 1553, 1561 (11th Cir. 1989).

The analysis used to resolve a claim of fraudulent joinder is similar to that applied to a motion for summary judgment under Fed.R.Civ.P. 56(b). Crowe, 113 F.3d at 1538. However, "[w]hile 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R.Civ.P. 56(b),' . . . the jurisdictional inquiry 'must not subsume substantive determination.'" Id. Therefore, "[w]hen determining whether a resident defendant has been fraudulently joined, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under

5

state law.'" Clay v. Brown & Williamson Tobacco Corp., 77 F. Supp.2d 1220, 1223 (M.D. Ala. 1999) (*quoting* Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380-81 (11ᵗʰ Cir. 1998)); *see* Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11ᵗʰ Cir.1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original).

Thus, in order to defeat plaintiff's motion for remand, defendants must show by clear and convincing evidence that, viewing the evidence in the light most favorable to the plaintiff and resolving all uncertainties of state law in plaintiff's favor, there is no possibility that the state circuit court could find that the complaint states a claim for nuisance, negligence, wantonness or trespass against the employee defendants. However, if there is even a possibility that a state court would find that the complaint states a cause of action against any of the employee defendants, the court must find that joinder is not fraudulent.

Analysis

Despite the lack of specificity in plaintiff's pleadings, the removing defendant[3] has the burden of proof concerning the existence of federal jurisdiction. As stated above, where there is no monetary demand made in the complaint, defendant must demonstrate the amount in controversy by a preponderance of the evidence, but where defendant asserts that a non-diverse defendant has been fraudulently joined, it must prove that assertion by clear and convincing evidence.

---

[3] Defendant Bass did not join in the notice of removal. As the record does not indicate that he had been served, and as plaintiff has not challenged the Notice on this procedural ground, the court has no reason to question the sufficiency of the Notice of Removal.

*Amount in Controversy*

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional amount." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). "Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." Lowery v. Alabama Power Co., 483 F.3d 1184, 1217 (11th Cir. 2007). To reach its decision, "the district court has before it only the limited universe of evidence available when the motion to remand is filed -i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1214-1215.

In opposition to plaintiff's motion to remand, defendant has submitted a copy of a demand letter it received from plaintiff's counsel after the action was filed in state court. In the letter counsel for plaintiff makes an initial demand of $150,000.00 to settle the action. Plaintiff argues that this is insufficient to meet the amount in controversy prong. However, the Eleventh Circuit has held that a settlement letter can qualify as an " 'other paper,' which under ... § 1446(b) can serve as a basis for removal" and, when part of the removing documents, can be "admissible evidence of the amount in controversy at the time of removal." Lowery, 483 F.3d at 1212 n.62. Thus, the amount in controversy is met. The Court now turns its focus to the issue of

7

fraudulent joinder.

*Bass Not Fraudulently Joined*

The issue before this court is not whether the complaint is well-drafted or even whether the plaintiff has stated a claim against the individual defendant.[4]  Rather, the issue is whether there is "no possibility the plaintiff can establish a cause of action against the resident defendant," Bass, consistent with the allegations of the complaint.

If plaintiff were to have claimed, for example, that Bass wrongfully failed to obtain the life insurance coverage for plaintiff's wife,[5] and/or that plaintiff relied on some [as yet unspecified] representations[6] by Bass concerning coverage of plaintiff's wife or Bass' own authority, the potential for personal liability would be obvious.  However, neither of these theories would fall within the allegations of Counts I or II, which allege breach of the insurance

---

[4]  It appears that plaintiff's complaint might be subject to challenge under federal rules of pleading.  *See e.g.* Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  It is possible that the state court–if the action had not been removed–would have required the plaintiff to re-plead his complaint or perhaps would have dismissed one or more of plaintiff's claims for failure to state a claim under Rule 12(b)(6).  Defendant Fort Dearborn did not seek greater specificity either before or after removal, but instead answered the Complaint.

[5]  The Answer states that plaintiff applied for coverage for his wife but that coverage was not issued as to her.  If this is a hint that the agent submitted the application, but coverage for plaintiff's spouse was rejected by Fort Dearborn for some reason, it is far too tenuous to counter even plaintiff's limited allegations or to satisfy the defendant's requirement of clear and convincing evidence.  Additionally, as such a hint would be contained in the Answer, filed in this court after removal, defendant's own allegation in that document is not such "other paper" as is contemplated by 28 U.S.C. §1446(b).

[6]  In his Motion, plaintiff states "defendant Bass made representations confirming coverage and validity of the policy to the plaintiff and the funeral home to which he had committed his wife's body for burial preparation." (Doc. 9 at 4) No other explanation of the nature of these representations has been offered.

policy[7] and bad faith refusal to pay a claim under the policy.   See <u>Ligon Furn. Co. v. O.M. Hughes Ins., Inc</u>., 551 So.2d 283 (Ala. 1989) (individual who is not a party to the insurance contract can not be held liable for breach of the policy or for bad faith refusal to pay a claim).

However, the court can not say with confidence that there is *no possibility* that plaintiff could establish a claim of Outrage–also known as intentional infliction of emotional distress, <u>Harrelson v. R.J.</u>, 882 So.2d 317, 321-22 (Ala.2003)–against the individual defendant.  Given the lack of detail in the Complaint and in the record as a whole, the court cannot determine with certainty that defendant Bass' behavior does not arguably fall within the admittedly limited scope of that tort.  See <u>Amer. Road Serv. Co. v. Inmon</u>, 394 So.2d 361, 365 (Ala. 1980)(elements: reckless or intentional conduct which was extreme or outrageous, and caused emotional distress so severe as to be unedurable); <u>Thomas v. BSE Indus. Contractors, Inc</u>., 624 So.2d 1041, 1044 (Ala. 1993).  Even if none of the few factual situations[8] recognized to date by the Alabama Supreme Court as giving rise to liability for the tort of Outrage is implicated in this case–a supposition which is not definitively supported by this record[9]–the fact that the Court has

---

[7] Demonstrating the reason for the Eleventh Circuit's distrust of shotgun pleadings, the factual allegations of the Complaint, contained in paragraphs 4-9, may or may not apply to one or more of the three counts.  However, Count I provides "Plaintiff avers that he entered into a contractual agreement with the defendants.  An insurance policy is a contract. ... The defendants denied a valid claim."  (Doc. 1, Exhibit A, at 3)  Based on that language, the most reasonable construction of the breach of contract claim is that it asserts only a breach of the insurance agreement.

[8] *See* <u>Thomas</u>, *supra* (Wrongful conduct in family burial, insurance agents coercing settlement, and egregious sexual harassment); <u>Harrelson</u>, 882 So.2d at 322-23 (finding that sexual assault of a minor constituted outrage).

[9] The Complaint involves failure to pay proceeds of the life insurance policy which plaintiff had assigned to the funeral home to pay for his wife's burial.  Plaintiff alleges extreme emotional distress, particularly of his minor children, apparently over the disruption of the burial.  Bass' involvement in this matter is unclear, but remains possible consistent with the Complaint

only found facts which constitute Outrage in a very few situations is not equivalent to a *per se* bar to such a claim in other circumstances. The courts of Alabama, including its Supreme Court, continue to address Outrage claims arising in other situations by reference to the elements of the claim rather than a hard-and fast rule that it only exists in the circumstances previously found. See e.g. <u>Harrelson</u>, 882 So.2d at 322-23 (finding that sexual assault of a minor constituted outrage); <u>Hurst v. Cook</u>, 981 So.2d 1143, 1157 (Ala.Civ.App. 2007) (rejecting, after analysis, outrage claim for intentional filing of false police report). Defendant bears the burden of persuasion; the record before the court is insufficient to allow the court to find that plaintiff's inclusion of a claim of outrage against defendant Bass was merely an artifice to avoid removal to this court.

<u>Conclusion</u>

On the record presented, the court is not sufficiently convinced either that there is no possibility that plaintiff could make out a claim against defendant Bass. Accordingly, the undersigned RECOMMENDS that the plaintiff's Motion to Remand be GRANTED and that this action be REMANDED to the Circuit Court of Conecuh County, Alabama.

DONE this the 25th day of September, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

and the record before the court.